**Sova BAROI; Sandra Shilpy Baroi; Stephen Subra Baroi, Petitioners,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–71009.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 11, 2003.*

Decided Aug. 15, 2003.

Before: SCHROEDER, Chief Judge, HAWKINS, and TASHIMA, Circuit Judges.

MEMORANDUM**

Sova Baroi, her adult daughter Sandra Shilpy, and minor son, Stephen Subra, are

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

natives and citizens of Bangladesh.[1] They petition for review of the decision of the Board of Immigration Appeals ("BIA") dismissing their appeal of the immigration judge's ("IJ") denial of their applications for asylum and withholding of deportation. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), *see Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir.1997). We review adverse credibility findings for substantial evidence. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir.2000). Because the IJ's decision was based on legitimate articulable findings questioning Baroi's credibility and was supported by specific, cogent reasons, *Hartooni v. INS*, 21 F.3d 336, 342 (9th Cir.1994), we deny the petition.

Sova Baroi submitted an asylum application prepared by someone else. During her interviews with asylum officers, she answered questions in accord with the application. When confronted with contradictory evidence at her deportation hearing, Sova admitted that the application was false, and that she lied to asylum officers in order to be consistent with the false application. Substantial evidence supports the IJ's finding that Sova Baroi was not credible because of her admitted history of being dishonest. *See Sarvia–Quintanilla v. INS*, 767 F.2d 1387, 1393 (9th Cir.1985) (giving the petitioner's testimony "very little weight" because of a pattern of dishonesty).

Moreover, there were internal inconsistencies in Sova Baroi's testimony concerning when she received a copy of her asylum application and she offered no explanation when given an opportunity to explain the inconsistencies. *See Shah v. INS*, 220 F.3d 1062, 1068 (9th Cir.2000).

Further, Sova Baroi's testimony was contradicted by her daughter's testimony regarding events following Sova's alleged rape. *See Lata*, 204 F.3d at 1245.

**PETITION FOR REVIEW DENIED.**

---

1. When Sova Baroi first applied for asylum, her children Sandra and Stephen were included as derivative applicants. Her daughter, Sandra, aged out, and therefore filed a separate application. Sandra's application depends on the same facts as her mother.

